**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **JOHN WARD BLAIR,** ) | |
| Petitioner, ) | |
| ) | No. 3:04-CV-0509-L |
| v. ) | |
| ) | |
| **DOUGLAS DRETKE, Director,** ) | |
| **Texas Department of Criminal Justice,** ) | |
| **Correctional Institutions Division,** ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I.    NATURE OF THE CASE**

John Ward Blair filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**II.   PARTIES**

John Ward Blair ("Petitioner") is an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"). Douglas Dretke ("Respondent") is the Director of the TDCJ-ID.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 1**

### III.     PROCEDURAL BACKGROUND

Petitioner pled guilty to possession with intent to deliver methamphetamine in an amount of four grams or more but less than 200 grams and true to one enhancement paragraph.[1]  *State v. Blair*, No. F-0029956-KU (291st Dist. Ct. Dallas County, Tex. March 2, 2001).  The trial court sentenced him to twenty-five years in the custody of TDCJ-CID.  *Id*.  The state appellate court affirmed Petitioner's conviction.  *Blair v. Texas*, No. 05-01-00675-CR (Ct. App.–Dallas, June 11, 2002, no pet.).  The Texas Court of Criminal Appeals denied Petitioner's application for writ of habeas corpus.[2]  *Ex parte Blair*, No. 53,555-02, After Remand, at cover (Tex. Crim. App. Oct. 22, 2003).[3]

On March 1, 2004, Petitioner sought habeas corpus relief in this Court.  Petitioner alleges as follows:

1.   He received ineffective assistance of counsel because his lawyer failed to (a) contact him, (b) file pre-trial defensive motions, (c) prepare for trial, (d) conduct any meaningful investigation or interviews, and (e) properly advise him of state law, resulting in an involuntarily guilty plea;

2.   The conviction was obtained by use of evidence gained pursuant to an unconstitutional search and seizure; and

---

[1]   Petitioner's sentence was enhanced by his conviction for manufacture of a controlled substance, to wit, phenylacetone for which the trial court sentenced him to fifteen years in the custody of TDCJ-CID.  *State v. Blair*, No. F89-71687-IL (5th Dist. Ct., Dallas County, Tex. Sept. 29, 1989).

[2]   The application for writ of habeas corpus was denied without written order on the findings of the trial court without a hearing.

[3]   Petitioner's first application for writ of habeas corpus was dismissed because his direct appeal was still pending when he filed it on July 31, 2002.  *Ex parte Blair*, No. 53,555-01, at 2 (Tex. Crim. App. Oct. 30, 2002).  Petitioner filed his second writ on January 13, 2003.  *Ex parte Blair*, No. 53,555-02, at 1-2.  This was remanded to the trial court for findings of fact, conclusions of law, and a supplemental transcript.  *Id*.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 2**

      3.      The warrantless search of his property denied Petitioner due process of law.

## IV. EXHAUSTION OF STATE COURT REMEDIES

Respondent states that Petitioner exhausted all his claims except one. Respondent claims that Petitioner failed to present his claim that his guilty plea was involuntary due to ineffective assistance of counsel in his state writ application. Respondent further states that if a petitioner filed a subsequent state writ application to exhaust such a claim, the state court would deny it as an abuse of the writ because state law requires a petitioner to include all grounds for relief in his or her first petition. *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir. 1997). As a result, a petitioner's subsequent claim would be procedurally barred. *Ex parte Barber*, 879 S.W. 2d 889, 892 n. 1 (Tex. Crim. App. 1994).

This Court finds that Petitioner failed to exhaust one claim; however, remanding the case to state court would be futile. Therefore, Petitioner's claim that counsel's erroneous advice resulted in an involuntary guilty plea is procedurally barred in federal court. Nevertheless, Respondent has addressed this procedurally defaulted claim on the merits. Therefore, this Court will address each claim on the merits by the standards as set forth by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d).

## V. STATEMENT OF THE FACTS[4]

> At the time of his arrest for the present offense, [Petitioner] was in a motel room with a woman named Misty Lyda. (CR: 2; RR 3: 20.) The [Petitioner] had been in the motel room for approximately forty-five minutes and was arrested and handcuffed. (RR 3: 20.) The [Petitioner] also stated that a man named Larry Talmedge Robinson, who was also called "Buddha," was in a nearby U-Haul

---

[4] The statement of the facts is taken from the Appellant's Brief on appeal.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 3**

truck in which various chemicals used to manufacture controlled substances were found. (RR 3: 19, 23.) The [Petitioner] stated that Robinson was arrested in the foyer of the motel. (RR 3: 23.) The [Petitioner] testified that he was aware of the presence of the chemicals that were used to manufacture controlled substances. (RR 3: 20-21.) During the plea hearing, the [Petitioner] testified he was guilty as charged in this case. (RR 3: 18.) The [Petitioner] also stated he was not an innocent victim. (RR 3: 19.)

**VI**.    **STANDARD OF REVIEW**

The pertinent terms of the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), 28 U.S.C. § 2254 provide:

> (d)   An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

*See* 28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id*.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 4**

This amendment applies to all federal habeas corpus petitions which are adjudicated on the merits in state court after April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The petition in this case is subject to review under the AEDPA.

Additionally, under 28 U.S.C. § 2254(d), a presumption of correctness must be accorded findings of fact made by a state habeas court if supported by the record. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994) (citation omitted).

## VII.   ANALYSIS

### 1.   Involuntary Guilty Plea

A petitioner who pleads guilty may only challenge the voluntary character of his guilty plea. *Hill*, 474 U.S. at 56-57; *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). If a challenged guilty plea is knowing, voluntary, and intelligent, it will be upheld on federal habeas review. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). Although a defendant's attestation of voluntariness at the time of the plea is not an absolute bar to later contrary contentions, it places a heavy burden upon him. *United States v. Diaz*, 733 F.2d 371, 373-74 (5th Cir. 1979). He must show such a strong degree of misunderstanding, duress, or misrepresentation by others that his plea would become a constitutionally inadequate basis for imprisonment. *Id.* (citing *Blackledge v. Allison*, 431 U.S. 63, 75 (1977)). Before a trial court may accept a guilty plea, the court must ensure that the defendant "has a full understanding of what the plea connotes and of its consequence," but not that he understood the "technical legal effect" of the charges. *Boykin v. Alabama*, 395 U.S. 238, 244 (1969); *James*, 56 F.3d at 666. A plea is involuntary, and thus insufficient to support a conviction, if the defendant "has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt." *Henderson v. Morgan*,

426 U.S. 637, 645 n.13 (1976). If the defendant understands the maximum prison term and fine for the offense, the subsequent guilty plea is knowingly entered. *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (per curiam). Absent supporting evidence in the record, a court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *Armstead*, 37 F.3d at 210 (5th Cir. 1994); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (per curiam).

Petitioner argues that his guilty plea was involuntary. He claims that counsel induced him to plead guilty by erroneously telling him that he might receive deferred adjudication. (Pet'r.'s Br. 7-8.) Petitioner contends that he later learned that he was not eligible for deferred adjudication because of his criminal history and mandatory sentence range. (*Id.*)

On March 2, 2001, Petitioner signed the following judicial confession:

> I did knowingly and intentionally possess with intent to deliver a controlled substance, to wit, methamphetamine, in an amount by aggregate weight, including any adulterants or dilutants, of four grams or more but less than 200 grams.

(Trial Court Record 10).

Petitioner signed the judicial confession and his attorney, the prosecutor, and the deputy clerk witnessed his signature. (*Id.*) The presiding judge in the case approved the judicial confession and ordered that it be included in the Reporters Record of the punishment phase of the trial. (RR 2:8-10.)

Further, Petitioner pled true to the enhancement paragraph. (*Id.*) He indicated that he signed the document of his own free will and understood the rights that he was giving up. (*Id.*). At the punishment phase of the trial, Petitioner detailed his involvement in the manufacturing

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 6**

process in different areas of Texas. (RR 3:18-19.) He also testified to his involvement with "Buddha" and his other alleged co-conspirators. (*Id*.)

The record reflects that Petitioner: (1) pled guilty freely and voluntarily, (2) had not been promised anything in return for the guilty plea and had not been coerced, (3) was mentally competent, (4) understood the plea admonishments, and (5) was aware of the consequences of his plea. (RR 2:5-10.)

Petitioner's trial counsel attested on state habeas review that he had advised Petitioner that he could not obtain drug treatment program alternatives unless the trial court gave him probation, but his minimum sentence of fifteen years was outside the allowable range of the ten years maximum for probation. *Ex parte Blair*, No. 53,555-02, Remand Order at 4. Counsel further attested that he told Petitioner he could seek deferred adjudication since the "minimum sentence does not affect the authority of the Judge to grant him a deferred probation." *Id*. This advice was not erroneous. Texas law provides no restriction on a trial court's authority to defer a defendant's adjudication of guilt and place him on probation for a maximum of ten years, irrespective of the range of punishment for the alleged offense. *Cabezas v. State*, 848 S.W.2d 693, 695 (Tex. Crim. App. 1993).

Petitioner admits that counsel tried to persuade the judge to give Petitioner deferred adjudication. (Pet'r.'s Br. 7.) The record reflects that trial counsel called Petitioner's wife and a drug counselor to testify on his behalf and argued vehemently in favor or probation and long term drug treatment. (RR 3:24-40.) Petitioner did not show that counsel's advice was deficient or that the advice prejudiced him. The state courts denied relief on this ground. Petitioner has not shown that the state court decisions violated the "contrary to" standard or the "unreasonable

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 7**

application" standard. Petitioner's claim that the ineffective assistance of his counsel resulted in an involuntary guilty plea should be denied.

2. **Other Claims of Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient and (2) the deficient performance prejudiced the defense so gravely as to deprive the petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and that "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, the petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner claims that counsel provided ineffective assistance because he broke a state law by waiting twenty-two days after he was appointed to contact Petitioner. Federal habeas corpus review encompasses errors of constitutional magnitude and may not be based upon errors

of state law. 28 U.S.C. § 2254(a);[5] *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Clearly established federal law "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. Accordingly, this claim is not cognizable on federal habeas corpus review.

Petitioner contends that counsel provided ineffective assistance by failing to conduct a meaningful investigation or interviews. To establish that counsel is ineffective for failure to investigate, a petitioner must do more than merely allege a failure to investigate--he must state with specificity what the investigation would have revealed, what specific evidence would have been disclosed, and how the evidence would have altered the outcome of the trial. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994). Complaints of uncalled witnesses are not favored because the presentation of testimonial evidence is a matter of trial strategy and allegations of a witness's testimony are largely speculative. *See United States v. Doran*, 564 F.2d 1176, 1177-78 (5th Cir. 1977). Petitioner's allegations in this regard are entirely conclusory. He does not provide any competent evidence that an investigation would have resulted in a different outcome. Further he does not identify who Plaintiff should have interviewed, show that the individuals were available to testify, prove what their testimony would have been, or show how the outcome would have been different. This claim is frivolous.

Petitioner claims that defense counsel failed to file pretrial and defensive motions or to prepare for trial in any meaningful way. (Petr.'s Br. 2.) A guilty plea waives all non-

---

[5] The terms of 28 U.S.C. § 2254(a) provide that a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge -Page 9**

jurisdictional defects in the trial proceedings, including all claims of ineffective assistance of counsel that do not attack the voluntariness of the guilty plea. *Smith*, 711 F.2d at 682; *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981). As a result, all of these allegations are waived by the guilty plea. Two-prong test enunciated in *Strickland* applies to cases involving guilty pleas. *Hill*, 474 U.S. at 57. Petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88.

Petitioner has not shown that the state court decisions denying habeas corpus relief on the ineffective assistance of counsel claims resulted in a decision that was contrary to, or involved an unreasonable application of, *Strickland*. Further, he has not shown that the decisions were based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Therefore, the ineffective assistance of counsel claims should be denied.

3. **Unconstitutional Search and Seizure and Violation of Due Process**

In two claims for relief that should be considered as one, Petitioner alleges that the search and seizure was unconstitutional and that the use of the evidence taken from that seizure violated his right to due process. Petitioner claims that his Fourth Amendment rights were violated when the officers failed to obtain a search warrant. The officers removed Petitioner and a woman occupant from the motel room and made a cursory search of that motel room. No Fourth Amendment violation occurred. Additionally, by entering a plea of guilty to the charges and pleading true to the enhancement paragraph, Petitioner waived his unconstitutional search and seizure claims, as well as his due process claim. Moreover, when the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a federal court may not grant a state inmate federal habeas corpus relief on the ground of an unconstitutional search and

seizure. *Stone v. Powell*, 428 U.S. 465, 494 (1976). Petitioner's counsel did not file motions because the case was never set for trial. Petitioner had the opportunity to raise these claims in state court but did not raise them because he pled guilty. Petitioner's Fourth Amendment and Due Process claims are not cognizable in this Court. Therefore, the District Court should deny Petitioner's claims.

## VIII. RECOMMENDATION

The District Court should deny the petition for habeas corpus relief because Petitioner failed to make a substantial showing of the denial of a federal right.

Signed March 6th, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, (1985).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge -Page 12**